ORIGINAL

| | |
|---|---|
| Your Name: | Caroline Barker |
| Address: | 21000 Baker Road #6<br>Castro Valley CA 94546 |
| Phone Number: | (628) 221-8844 |
| Mobile: | (510) 200-3154 |
| E-mail Address: | caroline.anderson@nlrb.gov |
| Pro Se Plaintiff | *Caroline Barker* |

FILED
JAN 20 2023
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 23 - 0308

| | |
|---|---|
| Caroline Barker | Case Number |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Lauren McFerran | |
| Chairman | DEMAND FOR JURY TRIAL |
| National Labor Relations Board | Yes ☐  No ☒ |
| 1015 Half Street SE Room 5145<br>Washington DC 20570-0001 | |
| (202) 273-1734;<br>(202) 423-3507 (Mobile) | |
| Defendant. | |

**PARTIES**

1. Plaintiff.

Name: ___Caroline Barker_____

Address: ___21000 Baker Road #6, Castro Valley CA 94546_____

Telephone: ___(628) 221-8844_____

COMPLAINT                                                      Caroline Barker
Page **1** of **18**

1  Defendant 1:

2  Name:         Lauren McFerran, Chairman

3  Address:      1015 Half Street SE, Washington DC 20570-0001

4  Telephone:    (202) 273-1734; Mobile: (202) 423-3507

5  lauren.mcferran@nlrb.gov

6

7

## JURISDICTION

[*Usually only two types of cases can be filed in federal court, cases involving "federal questions" and cases involving "diversity of citizenship." Check at least one box.*]

2. My case belongs in federal court

☒ under <u>federal question jurisdiction</u> because it is involves a federal law or right.

Title VII of the Civil Rights Act of 1964 for employment discrimination; 42 U.S.C. Section 2000e-5(g); Race (African-American); Color (Dark Complexion); National Origin (African American); Sex (Female); ADEA 29 USC 633a (Age Over 40); and; Rehabilitation Act of 1973, Section 501 29 USC 791 (Both Mental and Physical)

☐ under <u>diversity jurisdiction</u> because none of the plaintiffs live in the same state as any of the defendants <u>and</u> the amount of damages is more than $75,000.

## VENUE

[*The counties in this District are: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, or Sonoma. If one of the venue options below applies to your case, this District Court is the correct place to file your lawsuit. Check the box for each venue option that applies.*]

3. Venue is appropriate in this Court because:

☒ a substantial part of the events I am suing about happened in this district.

☐ a substantial part of the property I am suing about is located in this district.

☒ I am suing the U.S. government, federal agency, or federal official in his or her official capacity <u>and</u> I live in this district.

☐ at least one defendant is located in this District and any other defendants are located in California.

**INTRADISTRICT ASSIGNMENT**

4. Because this lawsuit arose in __San Francisco__ County, it should be assigned to the _San Francisco/Oakland_ Division of this Court.

**STATEMENT OF FACTS**

*[Write a short and simple description of the facts of your case. Include basic details such as <u>where</u> the events happened, <u>when</u> things happened and <u>who</u> was involved. Put each fact into a separate, numbered paragraph, starting with paragraph number 6. Use more pages as needed.]*

6. In October 2016 I filed a formal Complaint against the Agency, National Labor Relations Board (NLRB) Region 20 San Francisco, alleging racial discrimination; Race (African-American); Color (Dark Complexion); National Origin (African-American); Sex (Female); Age (Over 40); Disability (Mental and Physical) and Reprisal. A Report of Investigation Issued on that Complaint, June 2017. I requested a Hearing before an Administrative Judge. Plaintiff submits this Complaint in response To the Hearing Decision and Partial Summary Judgement Decision of EEOC AJ MaGee, September 12, 2022. And; Agency's Final Agency Action, Attached, Exhibit (22), decision to adopt in its entirety, AJ MaGee's decision, October 20, 2022.

7. An award of $8,625 in non-pecuniary compensatory damages was awarded to Plaintiff in that Decision and Plaintiff believes the amount to be completely and totally inadequate based upon the allegations as listed above and all of the following as stated below.

8.  I am a Program Support Assistant and I have been working for the National Labor RelationsBoard, (NLRB) Region 20 San Francisco, Twenty-Two Years. I have never received a Promotion; With-In-Grade-Increase; Step-Increase; etc. Over the years, I have received periodic monetary rewards (Administrative Support Staff Day; Secretary's Day, etc.). Currently, there are Four Program Support Assistants, (including myself). All Three Program Support Assistants, (two Asian; one White); have, over the years received, Promotions; With-In-Grade-Increases; Step-Increases; etc.[1]

(1)  Plaintiff believe the award of $8, 625 in non-pecuniary compensatory damages awarded to Plaintiff in the Decision inadequate because Plaintiff was never considered for any type of Reassignment that would lead to any type of upward mobility. Plaintiff's Performance Appraisals over the twenty-two years period with the Agency, (NLRB Region 20 San Francisco) are Commendable and Fully Successful.

9.  I came to the Agency, (NLRB Region 20 San Francisco) with experience as a Civilian Personnel Assistant; ten year; Department of Defense Navy Civilian Personnel Department; Temporary Employment with United Air Lines, Customer Service Agent; Administrative Specialist, United States Army Reserve Forces and United States Air Force; Vietnam Era Veteran; Bachelor of Science Degree Criminal Justice Administration; A.A. Degree Administrative Justice; and numerous awards and certificates.

10.  The first Ten Years of Plaintiff's duties were primarily physically laborious. It was, also, during those years and time period that I first requested a Reasonable Accommodation, an ergonomic chair and later an ergonomic Key Board. I was consistently being asked for Medical Documentation, including two Ergonomic Evaluations of my work areas that were not required of anyone else.

(1)  Complainant believes there are genuine issues, in dispute of material facts. under Title VII Civil

Rights Act of 1964; Authority 42 U.S.C. Section 2000e-et seq.; 29 U.S.C. Section 621 et seq; U.S.C. Section 206(c); 29 U.S.C.

(2) In matters surrounding undue delays and issues not addressed, i.e., providing reasonable accommodations to Complainant; the Agency, did not provide ergonomic equipment in a timely manner, in the same manner as similar situated Administrative Support Staff.[1] The Agency failed to timely respond and provide appropriate equipment to Complainant's workstation as a reasonable accommodation; And;

(3) By and through Agency actions as listed below, Plaintiff believes the Agency engaged in retaliatory disparate treatment and adverse actions and created a hostile work environment since January 8, 2015, continuing through the present. Plaintiff still has the same Keyboard Plaintiff had since Entry-On-Duty Date.

11. Agency and Human Resources acknowledge Receipt of Complainant's request from Physician and Medical Documentation for ergonomic assessment, Request for Reasonable Accommodation; Exhibit (1)-Memorandum 01/13/2009.

(1) Exhibit (2) Memorandum, June 29, 2009, Director, Human Resources received accommodation request for ergonomic Chair.

(2) Note: Complainant is not aware of any Support Staff and/or any Employee NLRB San Francisco Region 20 required, nor having Ergonomic Assessment before receiving Ergonomic Equipment as Reasonable Accommodation.

(3) Letter, March 5, 2009, Exhibit (3), Report Summary regarding Complaint's ergonomic assessment; functional job analysis performed to assist employer, employee Complainant) and Healthcare Providers.

COMPLAINT                                                                                          Caroline Barker

(4)   Complainant believes The Agency engaged in disparate treatment, adverse actions and created a hostile work environment with differential treatment between similar situated employees by undue delays and Complainant's progressive medical issues being addressed during the time period; 01/2009 – 02/2015:

(5)   Exhibit (4), pages 1 – 8, Combined Documentation Medical Summary Tables;

(6)   Exhibit (15) pages 1 – 4, Related Injury Medical Encounters.

and AOM Mitchell. Complainant, to this date, never received an ergonomic keyboard. Complainant received a Roller Intelimouse. Which Complainant still uses to date.

(7)   Exhibit 16, Current Medications in conjunction with Related Injury Medical Encounters.

12.   Exhibit (7) are the types of Chairs Support Staff and Board Agents, including, OM Baker and AOM Mitchell, received during the time period 01/2009 to 02/2015.

(1)   Complainant did not receive a chair during that time period. And;

(2)   Complainant did not receive the same type chair as all other Support Staff and/or Agents. Complainant received the chair, Exhibit (12).

13.   Email, Exhibit (8), reference a portion of Complainant's duties prior to Complainant's request for Reasonable Accommodation;

(1)   (1) Exhibit (9) reference Complainant's work area where other duties as assigned were

performed, which were labor intensive.

    (2)    The work area of other duties as assigned, Exhibit (9), performed 2000 to that Present time, (2010), included, responsibility for maintaining, archiving and closing the Region's files. The work space was enclosed and filed with wall-to-wall Files. Complainant would physically climb on top of the filing cabinet spaces and stack file boxes at least 2 boxes high, towards the ceiling, for Regional Archiving. Exhibit (9).

    (3)    In addition, Complainant was responsible for all incoming, outgoing mail; pick-ups and deliveries; and manually Docketing all incoming Charges for the Region on manual typewriter. See Exhibit (11)

14.    Prior to hire of Complainant, 05/2000, there were four Support Staff assigned to Docket, Exhibit 10. From approximately 05/2001 to 05/2010, Complainant was primary and remained, consistent to date, Docketing Support Staff.[2]

15.    Support Staff Listed, Footnote 1, i.e. K. Yan; V. Luu; and D. Gentry; primarily rotated between training on Key Desks;

    (1)    Email, Exhibit 17, reference Key Desk training, promotional opportunity, for Program Support Assistants. Complainant is not listed in that rotation for training. Complainant believes Complainant was over looked during the time period, 01/2009 to 02/2015; and it continues to date.

(2)   Complainant believes, Email, Exhibit 18 is a contrast between what's offered and has been offered to Complainant. And; Email, Exhibit 17 is what's was offered to other Support Staff. i.e. Program Support Assistants.

(3)   Email, Exhibit (19), was a testament to all Administrative Support Staff, who were already GS/07's, that for the time being they would remain as such, GS-07's.[3] The GS-07's in that list included, K. Yan; V. Luu; and D. Gentry. Complainant was not and is not included in that list.

16.   (Exhibit (11) was the chair Complainant received, upon entrance to the Agency 05/2000. And; the chair assigned to Complainant, prior to Complainant's Request for Reasonable Accommodation; 01/2009 To 02/2015.

(1)   The chair, Exhibit (11), offered no support for Complainant's Posture; Neck, Back, Shoulders, Arms and/or Hands.

(2)   Complainant experienced a steady progression of dexterity impairments and other issues, Exhibit (12).

17.   The Medical Encounters listed, Exhibit (15) pages 1 through 4, include the following for Complainant's areas of Medical Treatment:

> 1. Occupational Medicine;
> 2. Physical Therapy;
> 3. Psychiatry;
> 4. Orthopedics, Medicine; And;
> 5. Internal Medicine

COMPLAINT                                    Caroline Barker

    (1)    And; the current Listing of the Medications in association with Medical Encounters listed above, Exhibit (16).

18.    Management Supervisor/Administrative Support, Assistant Office Manager, (AOM) Nelidia D. Mitchell and Office Manager (OM) Elizabeth (Liz) Baker were consistently and sometimes, a daily basis in and out of the offices of Administrative Support Staff.

    (1)    AOM Mitchell and OM Baker, were both, fully aware of any and all equipment, i.e. electronic equipment, furniture etc. received and not received by Administrative Support Staff. Email, Exhibit (5) and Exhibit (6).

    (2)    OM Baker and AOM Mitchell were in charge of Accounting and Inventory for any and all office equipment, furniture, electronics, etc. for receipt and non-receipt to Administrative Support Staff. Exhibit (5) and Exhibit (6).

19.    Exhibit (12)-In 02/2015, OM Baker/AOM Mitchell was a substituted alternative to Complainant's Request for Reasonable Accommodations. And; in no way similar to chairs received by Administrative Support Staff and Agents; Exhibit (7). Complainant was not informed of any changes to Complainant's order, Request for Reasonable Accommodation.

20.    Complainant was subjected to making numerous requests for medical documentation, without any results.

    (1)    Complainant still had not received a chair, Email, Exhibit 14, 11/2014. And;

Complainant's Physician submits a second request for Ergonomic Evaluation to be given to Complainant's Supervisors, i.e. OM Baker and AOM Mitchell.

(2)   Email, Exhibit (13), February 27, 2009, an ergonomic evaluation had been completed, February 25, 2009.

21.   Complainant's Grade Level is GS-05 Step 10[4].

(1)   Complainant has Numerous Certificates of Completion for Agency required and Mandatory Training Courses. Exhibit (20) pages 1 – 2.

(2)   Complainant's Accomplishments and Awards. Exhibit (21), pages 1 – 6.

(3)   In addition to the above:

> 1. Complainant is a Vietnam Era-Veteran of the United States Air Force; Airmen First Class (A1C); (Claim 5 Point Preference)
>
> 2. United States Army Reserved Forces; Sergeant (Sgt);
>
> 3. Bachelor of Science Degree (BA) Criminal Justice Administration;
>
> 4. Associate in Arts Degree (AA) Administration of Justice.
>
> 5. Rank and Ratings for employment consideration, at GS-0201-07 Grade Level.

22. Complainant offers the following in terms of a settlement proposal:

    (1)    Compensatory damages for pain and suffering in the amount of $300,000.00

    (2)    As a result of the above drastic and upsetting course of events; including, denied a reasonable accommodation, Complainant seeks remedial relief in the form of non-selection for position and/or promotion for all step, pay increases and monetary benefits in relation to and associated with the Pay Grade, in-the-least of these circumstances and at-the- minimum of a GS-0326-07, Automation Staff Assistant.

    (3)    All payments, in relation to the payscale preferred, [Item 19. (2)], should be made retroactive in accordance with time period as specified in [Item 19. (2)].

    (4)    A salary differential between what was paid to Complainant and what should have been paid if a within-grade-increase, had occurred, in-the-least of these circumstances and at-the-minimum of a GS- 0326-07, Automation Staff Assistant to GS-07 effective September 7, 2006 to the present.

    (5)    Back Pay Issues computed in the manner prescribed by 5 C.F.R.§ 550.805 and computed with interest.

    (6)    Interest on Back Pay included in Back Pay computations with applicable step increases and/or pay differentials.

    (7)    Retirement benefits adjusted as part of a back pay award, including sums which the retirement account would have earned during a chosen and specified time period.

    (8)    Agency make retroactive tax-deferred contributions to Complainants retirement

account for relevant time period, retroactive from January 2007, to present.

(9)     Agency Make applicable retirement deductions and agency contributions into Retirement Fund by making full payments directly to OPM Administered Programs, including, but not limited to:

    a.     retirement deductions;

    b.     applicable payments to Federal Employees Group Life Insurance (FEGLI) Act, 5 U.S.C. 8701 et seq.; and

    c.     appropriate payments for benefits under Federal Employees Health Benefits (FEHB) Act, 5. U.S.C. 8901 et seq.

(10)    Agency Make retroactive adjustments in pay, including both employee deductions and agency contributions for applicable FEGLI coverage, to be deposited in the Federal Employees' Life Insurance Fund.

(11)    Agency make retroactive-tax-defened contributions to Complainants Thrift Savings Plan (TSP); computations with interest, for relevant time period, retroactive from January 2007, to present and;

(12)    Applicable to contributions that would have been made at the salary and differential at pay scale of [Item 19. (2)].

(13)    Training for the Agency, still applies, for the Agency's Office of Human Resources concerning the duty to provide reasonable accommodations, including the ongoing need for follow up;

    (14)    Posting of Notice at the San Francisco Regional Office that a finding of failure to accommodate has been made against the Agency; And; 14

    (15)    All Postings and Notices for the San Francisco Regional Office are made known to the Public.

23.    Complainant believe these Agency's actions were prevalent in the creation of a hostile work environment. And that the Agency discriminated against Complainant because of Complainant's race (African American); color (dark complexion); National Origin (Negro); age (over 40); disability (mental and physical); and Reprisal; And;

    (1)    There are matters surrounding undue delays and issues that were not addressed; i.e. providing reasonable accommodations in the same manner as similar situated Administrative Support Staff.[5].

---

[1] Out of the three current Program Support Assistants (PSA's) Plaintiff was at the Region, (NLRB Region 20) Ten Years before one (D. Gentry [White]); Eleven Years before a (K. Yan [Asian]) and Entered-On-Duty in the same month and year with the third one (V. Luu [May 2000] [Asian]).

All Support Staff that would periodically assist in Docket were all Promoted into other Assignments, extending from GS-04 to GS- 06/07/08. That included; S. Louie (Retired); W. Choo (Retired); D. Gentry, currently employed; V. Luu, currently employed; and K. Yan; currently employed

All titles for Administrative Support Staff was going to be changed and did change to Program Support Assistant. All Program Support Assistants, at the GS-07 Level, will be automatically Promoted to GS-08. Complainant is not and was not included in this alignment. Complainant's only offer was to apply for an Entry Level Title, GS-06 and submit to hopefully, climbing the ladder.

[2] Complainant still has the same keyboard assigned since entry-on-duty date, 05/2000. The Agency had on occasion received ergonomic keyboards for the Region, (NLRB Region 20) and created a list of names for Board Agents and Support Staff. Complainant's name was on the List. Agents and Administrative Support Staff received ergonomic keyboards, including, OM Baker.

[3] Complainant still has the same keyboard assigned since entry-on-duty date, 05/2000. The Agency had on occasion received ergonomic keyboards for the Region, (NLRB Region 20) and created a list of names for Board Agents and Support Staff. Complainant's name was on the List. Agents and Administrative Support Staff received ergonomic keyboards, including, OM Baker and AOM Mitchell. Complainant, to this date, never received an ergonomic keyboard. Complainant received a Roller Intelimouse. Which Complainant still uses to date.

[4] Complainant's Grade Level, GS-05 Step 10 has been since Complainant's entry-on-duty date. Complainant has never received a Promotion; Step-Increase and/or Within-Grade-Increase, etc.

## CLAIMS

### First Claim

(*Name the law or right violated*: _Title VII 42 USC 2000e, et seq._____)

(*Name the defendants who violated it*: ___Management Personnel (Regional Director; Assistant (Region Director; Office Manager; And Assistant Office Manager) National Labor Relations Board, Region 20 _____ San Francisco)

[*Explain briefly here <u>what</u> the law is, <u>what each</u> defendant did to violate it, and <u>how</u> you were harmed. You do not need to make legal arguments. You can refer back to your statement of facts.*]

   1.___. The Agency failed to respond and provide Plaintiff appropriate equipment to Plaintiff's workstation as a reasonable accommodation; while at the same time providing all other similar situated Support Staff and others with appropriate equipment.

   2. Lists would be established by and through Office Managers. i.e. Exhibit (5). Plaintiffs' name would be on the list. Everyone on the list received their reasonable accommodation. Plaintiff did not.

   3. Management Personnel, i.e. Office Manager and Assistant Office Manager were fully aware, at all times, who receives office accommodations because they are totally responsible for and completely in charge of all inventory.

   4. Plaintiff witnessed, All Current Program Support Assistants, NLRB Region 20 San Francisco, non African American- consistent in receiving Ergonomic Reasonable Accommodations; Promotions; including Within-Grade-Increases; Step-Increases; reassignments; etc.

   5. Management Personnel Time Period: **January 2005…To Current:** Regional Directors (RD) : Joseph P. Norelli, RD (Retired); Joseph F. Frankl, RD (Retired); Jill H. Coffman, RD (Current); Assistant Regional Directors (ARD); Timothy W. Peck, ARD (Retired); Daniel J. Owens, ARD (Current); Office Manager, (OM), Supervisor Administrative Support Staff: Elizabeth M. Baker, OM (Retired); Assistant Office Manager (AOM): Nelida D. Mitchell, AOM; and; Administrative Officer Program Support

COMPLAINT                                                                                              Caroline Barker
Page 15 of 18

Assistants (AO): Nelida D. Mitchell, (AO), (Current).

## Second Claim

(*Name the law or right violated*): __ADEA;29 USC 633a__

(*Name the defendants who violated it*): Management Personnel (Regional Director; Assistant (Region Director; Office Manager; And Assistant Office Manager) National Labor Relations Board, Region 20 San Francisco))

1. Plaintiff is over 40 and older than all Administrative Support Staff/Program Support Assistants.

2. See Item # 4 above; First Claim

## Third Claim

(*Name the law or right violated*): The Rehabilitation Act o 1973, Section 501; 29 USC 791)

(*Name the defendants who violated it*): Management Personnel (Regional Director; Assistant (Region Director; Office Manager; And Assistant Office Manager) National Labor Relations Board, Region 20 San Francisco)

1. While All others in the Region, NLRB Region 20 San Francisco were steadily, consistently and repeatedly receiving Ergonomic Reasonable Accommodations, during the six year period, cause for Complaint, Plaintiff was consistently and repeatedly being asked and required to produce medical documentation, that also included requests for Ergonomic Evaluations of Plaintiff's Work Areas.

2. Plaintiff believe, the related pre-existing conditions, (Exhibit (4) Medical Summary), were developed in Plaintiffs' work areas, Exhibits (9), (11) and (12); And;

3. The conditions were further aggravated and progressed through the Agency's failure to provide Plaintiff appropriate equipment to Plaintiff's work station as a reasonable accommodation. Including Plaintiff still having the same keyboard since May 2000.

Caroline Barker

COMPLAINT
Page 16 of 18

_____. _____**DEMAND FOR RELIEF**

*[State what you want the Court to do. Depending on your claims, you may ask the Court to award you money or order the defendant to do something or stop doing something. If you are asking for money, you can say how much you are asking for and why you should get that amount, or describe the different kinds of harm caused by the defendant.]*

____._____

**See Item No. 23, Complaint Page 11 – 13, items (1) – (15)**

_____

_____

24. Accordingly, and based on all the above, the Plaintiff request relief through this United States District Court; Northern District of California; and; Plaintiff submits this Response to Final Agency Action.

Respectfully submitted,

Date:   01/13/2023          Sign Name:   *Caroline Barker*

                            Print Name:   Caroline Barker


____._____
_____
_____
____._____
_____
_____

*[Copy this page and insert it where you need additional space.]*

____ : _____
_____
_____
_____
_____
____ : _____
_____
_____
_____
_____
____ : _____
_____
_____
_____
_____
____ : _____
_____
_____
_____
_____
____ : _____
_____
_____
_____