UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE BARKER,<br>　　　　Plaintiff,<br>　　v.<br>LAUREN MCFERRAN,<br>　　　　Defendant. | Case No. 23-cv-00308-DMR<br><br>**ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br>Re: Dkt. No. 61 |

Self-represented Plaintiff Caroline Barker filed an amended complaint ("FAC") against Lauren McFerran, Chairperson of the National Labor Relations Board ("NLRB"), alleging claims related to her employment with the NLRB. Defendant now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss portions of the FAC.[1] [Docket No. 61.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.　BACKGROUND**

Plaintiff makes the following allegations in the complaint, which the court takes as true for purposes of this motion. Plaintiff is African-American and over the age of 40. [Docket Nos. 45 (FAC) ¶ 5, 45-1 (FAC Ex. 1), 45-2 (FAC Ex. 2).] She has worked at the NLRB's San Francisco office for 23 years. She is currently a Program Support Assistant with GS-5 Step 10 compensation level. *Id*. at ¶ 8. Plaintiff has never received a promotion, step increase, or within grade increase. *Id*. at ¶ 9.

---

[1] Defendant's motion does not challenge Plaintiff's Rehabilitation Act claim for failure to accommodate based on denial of an ergonomic chair. The court previously denied Defendant's motion to dismiss that claim. *See Barker v. McFerran*, No. 23-CV-00308-DMR, 2023 WL 6933357, at *6 (N.D. Cal. Oct. 18, 2023).

Plaintiff submitted a request for an ergonomic assessment on an unspecified date. An NLRB Human Resources Specialist confirmed receipt of the same in January 2009. *Id*. at ¶ 13, Ex. 1 at ECF p. 13. An ergonomic analyst assessed Plaintiff in February 2009. FAC ¶ 16. In June 2009, the NLRB's Human Resources division approved a request for an ergonomic chair. *Id*. at ¶ 18. The agency received an ergonomic chair in July 2009; Plaintiff believed that this was the chair that had been ordered for her. However, Plaintiff did not receive an ergonomic chair until 2015. *Id*. at ¶¶ 19, 21, 28. Additionally, although the agency has received ergonomic keyboards and Plaintiff alleges that her "name was on the List" for one in 2011, she has never received an ergonomic keyboard and has used the same non-ergonomic keyboard since 2000. *Id*. at ¶ 27; FAC Ex. 1 at ECF p. 31.

Plaintiff further alleges that she "has maintained all training requirements" and has "applied for various positions down through the years" but was not selected for those positions despite her years of experience and appraisals finding her "Commendable and Fully Successful." *See id*. at ¶¶ 30-34; FAC Ex. 2 at ECF pp. 6, 12, 15, 17, 25-39. She alleges that two other employees, K. Jablonski and Yanfei Xie, "were super young and both promoted within very short periods of time." FAC ¶ 35.

The FAC states, "Plaintiff submits this Amended Complaint based on all the above. Including, the Hearing Decision of EEOC AJ MaGee, September 12, 2022." *Id*. at ¶ 37. The September 12, 2022 Hearing Decision is not an exhibit to the FAC. However, Exhibit 2 to the original complaint is a Final Agency Action dated October 20, 2022. The Final Agency Action discusses the September 12, 2022 Hearing Decision on Plaintiff's October 2016 formal complaint of discrimination with the NLRB's Equal Employment Opportunity office ("EEO"). [Docket No. 1-22 (Final Agency Action).] Plaintiff's EEO complaint alleged discrimination on the bases of race; color (dark complexion); national origin (African-American); sex; age; and disability (mental and physical). Final Agency Action 1. The NLRB moved for summary judgment on Plaintiff's claims. In March 2022, an administrative judge granted the motion for summary judgment on all claims except the agency's "alleged failure to provide a reasonable accommodation involving its delay in providing [Plaintiff] with an ergonomic chair," noting, "[t]he agency stipulated to liability

1    on the delay in providing an ergonomic chair." Final Agency Action 1-2. The administrative

2    judge then held a hearing on the issue of damages for the failure to accommodate. *Id*. at 2. On

3    September 12, 2022, the administrative judge issued a Hearing Decision and Partial Summary

4    Judgment Decision. In relevant part, the administrative judge awarded Plaintiff $8,625 in

5    compensatory damages for the six-year delay in providing the ergonomic chair as a reasonable

6    accommodation. *Id*. The NLRB's EEO issued a Final Agency Action on October 20, 2022 in

7    which it adopted the administrative judge's September 12, 2022 decision in its entirety. *Id*.

8        Plaintiff filed this lawsuit on January 20, 2023. The court granted Defendant's motion to

9    dismiss the complaint on October 18, 2023 and granted Plaintiff leave to amend. *Barker v.

10   McFerran*, No. 23-CV-00308-DMR, 2023 WL 6933357, at *7 (N.D. Cal. Oct. 18, 2023). Plaintiff

11   timely filed the FAC.

12       The FAC appears to allege the following claims for relief: 1) race, color, and national

13   origin discrimination in violation of Title VII, 42 U.S.C. § 2000e; 2) age discrimination in

14   violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a; 3)

15   disability discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 791; 4) hostile work

16   environment in violation of Title VII, the ADEA, and the Rehabilitation Act; and 5) retaliation in

17   violation of Title VII, the ADEA, and the Rehabilitation Act. *See* FAC 8. Defendant now moves

18   to dismiss all claims in the FAC except for Plaintiff's Rehabilitation Act claim for failure to

19   accommodate based on an ergonomic chair. *See* Mot. 16-17 (discussing failure to accommodate

20   claim based on non-provision of an ergonomic keyboard only). Plaintiff opposes the motion.

21   [Docket No. 62.]

22   **II.    LEGAL STANDARDS**

23       A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

24   the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

25   When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all

26   of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

27   (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or

28   there is an absence of "sufficient factual matter to state a facially plausible claim to relief."

3

*Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. The Ninth Circuit has held that "where the petitioner is pro se," courts have an obligation, "particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982).

### III.    DISCUSSION

#### A.    Exhaustion of Administrative Remedies

##### 1.    Title VII and Rehabilitation Act Claims

A federal employee must exhaust the administrative process required by statute before filing an employment discrimination claim in federal court. *Brown v. Gen. Servs. Admin*., 425 U.S. 820, 832 (1976); *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)); *Leorna v. United States Dep't of State*, 105 F.3d 548, 550 (9th Cir. 1997) (individuals claiming disability discrimination under the Rehabilitation Act must exhaust administrative remedies). "Under the Title VII statutory and regulatory scheme, a federal employee must notify an EEO counselor of discriminatory conduct within 45 days of the alleged conduct, and then, if the matter is not resolved, the employee may submit a formal administrative

4

complaint." *Sommatino*, 255 F.3d at 708.  Failure to initiate administrative action within the 45-day deadline may be "fatal" to an employee's discrimination claims in federal court, absent waiver, estoppel, or equitable tolling.  *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002); *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003); *Leorna*, 105 F.3d at 551.  A plaintiff "must allege compliance with [the charge-filing] requirement . . . in order to state a claim on which relief may be granted."  *Williams v. Wolf*, 19-cv-00652-JCS, 2019 WL 6311381, at *6 (N.D. Cal. Nov. 25, 2019) (quoting *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019)) (internal quotation marks omitted).

The original complaint did not clearly allege when Plaintiff first contacted an EEO counselor.  The court instructed Plaintiff that an amended complaint "should clearly set forth each of her claims and should also provide the date(s) she made contact with an EEO counselor about each of her claims."  *Barker*, 2023 WL 6933357, at *3.  Here, the FAC alleges that "for timeliness purposes the initial date for EEO contact should be January 8, 2015."  FAC ¶ 39.  Defendant argues that claims based on acts that occurred more than 45 days before that date, which was November 24, 2014, were not timely exhausted and thus Plaintiff may not assert claims based on events prior to November 24, 2014.  Mot. 8.  These include claims based on the following events:

- On August 17, 2011, Plaintiff's name was added to a list of individuals to receive an ergonomic keyboard but she never received one.  FAC ¶ 27; FAC Ex. 1 at ECF p. 31.
- Plaintiff "applied for various positions through the years" but was not selected for them, including her September 21, 2005 application for the position of Secretary to Assistant to the Regional Director; her October 26, 2005 expression of interest in a training program; her September 23, 2009 application for the position of Automation Staff Assistant; and her August 10, 2011 application for the position of Office Automation Secretary.  FAC ¶¶ 30-31, FAC Ex. 2 at ECF pp. 6, 12, 13.
- NLRB employees, including some younger than Plaintiff, received promotions.  FAC ¶¶ 34, 35.  Attached to the FAC are emails indicating such promotions took place in 2011, 2012, and 2013.  *See* FAC Ex. 2 at ECF pp. 42, 43.

The court previously dismissed Plaintiff's claims under Title VII and the Rehabilitation

1    Act based on events that occurred prior to November 24, 2014 for failure to allege exhaustion of

2    administrative remedies as to those events.  *Barker*, 2023 WL 6933357, at *3.  The FAC does not

3    remedy this defect.  To the extent that any of Plaintiff's claims are based on events that occurred

4    before November 24, 2014, including the events listed above, the FAC does not allege that

5    Plaintiff exhausted administrative remedies as to those events.

6          Plaintiff contends that claims based on the foregoing events are timely under the

7    continuing violation doctrine set forth in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101,

8    117 (2002).  Opp'n 3.  She argues that the discriminatory acts at issue "were a consistent pattern

9    throughout Plaintiff's employment years with the Agency[.]"  *Id*.  However, the Supreme Court

10   "substantially limited the notion of continuing violations" in *Morgan*.  *See Cherosky v.*

11   *Henderson*, 330 F.3d 1243, 1246 (9th Cir. 2003).  Specifically, the Supreme Court held that a

12   hostile work environment claim is timely as long as "an act contributing to the claim occurs within

13   the filing period."  *Morgan*, 536 U.S. at 117.  However, it held that Title VII "precludes recovery

14   for discrete acts of discrimination or retaliation that occur outside the statutory time period."  *Id*. at

15   105.  A plaintiff may not sue for discrete acts of discrimination "such as termination, failure to

16   promote, denial of transfer, or refusal to hire" that occurred outside the limitations period solely

17   because they are related to other discrete acts that occurred inside the limitations period.  *Id.* at

18   113-14.  "[D]iscrete discriminatory acts are not actionable if time barred, even when they are

19   related to acts alleged in timely filed charges.  Because each discrete act starts a new clock for

20   filing charges alleging that act, the charge must be filed within the 180– or 300–day period after

21   the act occurred."  *Id.* at 102.

22         Here, the FAC alleges discrimination claims based on discrete acts, including Defendant's

23   alleged failure to provide Plaintiff with an ergonomic keyboard and failure to promote her.  As the

24   FAC does not allege that Plaintiff exhausted administrative remedies as to such events that took

25   place prior to November 24, 2014, claims based on those acts are dismissed.  As Plaintiff has

26   already been given the opportunity to amend the complaint to allege administrative exhaustion as

27   to discrimination claims based on pre-November 24, 2014 events and failed to do so, the dismissal

28

is with prejudice.[2]

The FAC also appears to allege a discrimination claim based on a promotion that Plaintiff applied for but did not receive *after* November 24, 2014. Specifically, Plaintiff applied for the position of Program Support Assistant in or around November 2023. She was found "ineligible" for the position. *See* FAC Ex. 2 at ECF pp. 15-17. However, the FAC fails to allege that Plaintiff exhausted administrative remedies as to this failure to promote claim. As it is possible that Plaintiff may be able to allege facts supporting administrative exhaustion as to the November 2023 failure-to-promote claim, this claim is dismissed with leave to amend.

### 2. ADEA Claim

The ADEA also requires administrative exhaustion. An employee must notify an EEO counselor within 45 days of the alleged discriminatory conduct in order to satisfy the exhaustion requirement. *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008). In the alternative, the individual must give the EEOC notice of the alleged discriminatory act within 180 days and give notice of her intent to sue at least thirty days before commencing suit in a federal court. *Id.* (citing 29 U.S.C. §§ 633a(c), (d)).

The court previously held that "Plaintiff's ADEA claim is exhausted only as to events that occurred after November 24, 2014" and granted Plaintiff leave to amend to "clearly allege[ ]" exhaustion as to the events supporting her ADEA claim. *Barker*, 2023 WL 6933357, at *4. The FAC does not allege that Plaintiff exhausted her ADEA claims based on events prior to November 24, 2014 by either means under the ADEA. Plaintiff was already given the opportunity to amend the complaint to allege administrative exhaustion as to ADEA claims based on pre-November 24, 2014 events. As the FAC fails to do so, the dismissal is with prejudice.

---

[2] Plaintiff submitted several documents with her opposition, including an EEO Counselor's Report listing "initial contact" on June 17, 2016 related to her requests for ergonomic desk equipment. [Docket No. 62-1.] As the court previously notified Plaintiff, it cannot consider documents attached to an opposition brief or arguments based on such documents. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). In any event, the EEO Counselor's Report does not demonstrate that Plaintiff administratively exhausted claims based on pre-November 24, 2014 events.

### B.     Failure to State a Claim

#### 1.  Title VII Disparate Treatment Claim

"Title VII is the exclusive remedy for discrimination by the federal government on the basis of race, religion, sex or national origin." *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413-14 (9th Cir. 1985).  It provides that it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e–2(a)(1).  To state a claim for employment discrimination based on race, color, national origin, and sex, Plaintiff must allege that (1) she is a member of a protected class, (2) she was performing her job in a satisfactory manner, (3) she suffered an adverse employment action, and (4) she was treated differently than similarly situated persons outside the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Defendant argues that the delayed provision of an ergonomic chair and failure to provide an ergonomic keyboard are not cognizable adverse employment actions because the FAC does not allege that these actions "materially affect[ed] the compensation, terms, conditions, or privileges of" Plaintiff's employment. *Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1126 (9th Cir. 2000).  Mot. 14.  The court previously dismissed the Title VII claim based on the ergonomic chair and keyboard for failure to allege that these acts "materially affected" the terms of her employment. *Barker*, 2023 WL 6933357, at *4.  Plaintiff does not address this argument in her opposition and thereby concedes it.  Accordingly, Plaintiff's Title VII claim based on the failure to provide Plaintiff with an ergonomic chair and keyboard is dismissed with prejudice.

Next, Defendant argues that Plaintiff does not plausibly allege discrimination claims based on her failure to receive promotions.  As discussed above, discrimination claims based on failure-to-promote that took place prior to November 24, 2014 are dismissed with prejudice due to lack of administrative exhaustion, but Plaintiff may be able to establish exhaustion as to her claim that she was denied a promotion to the position of Program Support Assistant in November 2023.  While a failure to promote may constitute an adverse employment action, Plaintiff does not allege facts supporting her claim that she was denied the promotion in November 2023 on account of her race, color, national origin, or sex.  In her opposition, Plaintiff asserts that "[t]he Region hired C. E.

8

1  Stenstrom" for the Program Support Assistant position and that "C. Stenstrom is White American
2  and younger than Plaintiff." Opp'n 8. The court cannot consider this statement in Plaintiff's
3  opposition brief. *See Schneider*, 151 F.3d at 1197 n.1 (9th Cir. 1998) ("In determining the
4  propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's
5  moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").
6  Moreover, Plaintiff must offer more than conclusory statements that a person outside her protected
7  class was treated differently than she was to state a plausible claim for disparate treatment. *See*
8  *Heyer v. Governing Bd. of Mt. Diablo Unified Sch. Dist.*, 521 F. App'x 599, 601 (9th Cir. 2013)
9  (holding that plaintiff failed to plead plausible race discrimination claim because "[a]part from
10 conclusory statements, Heyer makes no factual assertion in his FAC that he was replaced by a
11 person of another race or that a person of another race was otherwise treated differently than he
12 was."). Accordingly, this claim is dismissed. The court grants Plaintiff one final opportunity to
13 state a Title VII claim based on the November 2023 denial of the promotion to the position of
14 Program Support Assistant.

### 2.   ADEA Disparate Treatment Claim

16 The ADEA makes it unlawful "to fail or refuse to hire or to discharge any individual or
17 otherwise discriminate against any individual with respect to his compensation, terms, conditions,
18 or privileges of employment, because of such individual's age." 29 U.S.C.A. § 623(a)(1). A
19 failure to promote claim is a claim of disparate treatment under the ADEA. *Shelley v. Geren*, 666
20 F.3d 599, 606 (9th Cir. 2012). "In a failure-to-promote case, a plaintiff may establish a prima
21 facie case of discrimination in violation of the ADEA by producing evidence that he or she was
22 (1) at least forty years old, (2) qualified for the position for which an application was submitted,
23 (3) denied the position, and (4) the promotion was given to a substantially younger person." *Id*. at
24 608.

25 The FAC does not allege any facts supporting the inference that Plaintiff was treated
26 differently in terms of her "compensation, terms, conditions, or privileges of employment" or was
27 not given promotions "because of" her age. With respect to the position of Program Support
28 Assistant in November 2023, the FAC does not allege that she was qualified for the position or

9

that it was given to a "substantially younger person," and the court cannot consider statements in the opposition regarding those elements. Accordingly, the ADEA claim is dismissed. Plaintiff is granted one final opportunity to state an ADEA claim based on the November 2023 denial of the promotion to the position of Program Support Assistant.

### 3. Rehabilitation Act Claim

The Rehabilitation Act provides the exclusive remedy for federal employees alleging disability discrimination. *Johnston v. Horne,* 875 F.2d 1415, 1420 (9th Cir.1989), *overruled on other grounds by Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89 (1990). Courts use the standards applied under the Americans with Disabilities Act ("ADA") to determine whether a violation of the Rehabilitation Act occurred in the federal employment context. *Lopez v. Johnson,* 333 F.3d 959, 961 (9th Cir. 2003) ("Section 501 borrows its substantive standards from the Americans with Disabilities Act (ADA)." (citing 29 U.S.C. § 791(g)); *see also Coons v. Sec'y of the U.S. Dept. of Treasury,* 383 F.3d 879, 884 (9th Cir. 2004) ("The standards used to determine whether an act of discrimination violated the Rehabilitation Act are the same standards applied under the Americans with Disabilities Act").

#### a. Disability Discrimination

In order to state a disability discrimination claim under the Rehabilitation Act, a plaintiff must allege that "(1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007). For purposes of the Rehabilitation Act, "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (B) a record of such an impairment, or (C) being regarded as having such an impairment." *Id.* (citing 42 U.S.C. § 12102(2)).

Defendant moves to dismiss this claim on the grounds that the FAC does not plausibly allege that Plaintiff was subject to an adverse employment action and/or that she "experienced adverse employment actions *because of* her disability." Mot. 16 (emphasis in original) (quoting *Barker*, 2023 WL 6933357, at *6 (citing *Abdul-Haqq v. Kaiser Emergency in San Leandro*, No. 16-CV-05454-PJH, 2017 WL 1549480, at *8 (N.D. Cal. May 1, 2017))). Plaintiff does not

1   address this argument in her opposition and thereby concedes it. Accordingly, Plaintiff's

2   Rehabilitation Act claim based on disability discrimination is dismissed with prejudice.

### b. Failure to Accommodate

In order to state a claim under the Rehabilitation Act for failure to accommodate a disability, a plaintiff must show that (1) she is disabled; (2) she is a qualified individual, meaning that she could meet the essential requirements of the position with or without reasonable accommodation; and (3) a reasonable accommodation is possible. *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999); *Buckingham v. United States*, 998 F.2d 735, 739-40 (9th Cir. 1993). A "reasonable accommodation" is defined as "modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii).

The court previously denied Defendant's motion to dismiss Plaintiff's failure to accommodate claim based on her allegations that she requested an ergonomic chair and was not provided with one until 2015. *See Barker*, 2023 WL 6933357, at *6. Defendant now moves to dismiss the claim to the extent that it is based on the failure to provide an ergonomic keyboard, arguing that the FAC does not plausibly allege that Plaintiff made a reasonable accommodation request for an ergonomic keyboard that was denied. Mot. 17. Plaintiff does not respond to Defendant's argument in her opposition and thereby concedes it. Accordingly, Plaintiff's Rehabilitation Act claim based on the failure to accommodate by refusing to provide an ergonomic keyboard is dismissed with prejudice.

### 4. Hostile Work Environment Claim

In order to state a claim for hostile work environment, Plaintiff must allege that 1) she "was subjected to verbal or physical conduct because of" her protected characteristics, 2) "the conduct was unwelcome," and 3) "the conduct was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting *Manatt v. Bank of Am.*, 339 F.3d 792, 797 (9th Cir. 2003)) (Title VII); *Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d

11

1104, 1109 (9th Cir. 1991), *superseded on other grounds as explained in Dominguez–Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1041 (9th Cir. 2005) (holding that "[a] plaintiff may show violations of [Title VII and the ADEA] by proving disparate treatment or disparate impact, or by proving the existence of a hostile work environment."); *Williams v. Modly*, 796 F. App'x 378, 381 (9th Cir. 2020) (assuming without deciding that "a hostile work environment claim exists in the context of the Rehabilitation Act"). In order to prove harassment causing a hostile work environment, a plaintiff must show that "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]'" *Fowler v. Potter*, No. C 06-04716 SBA, 2008 WL 2383073, at *9 (N.D. Cal. June 9, 2008) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)). Courts are "to determine whether an environment is sufficiently hostile or abusive by looking at all the circumstances, including the frequency of the discriminatory conduct, its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *See Faragher v. City of Boca Raton,* 524 U.S. 775, 787-88 (1998).

The court previously dismissed this claim based on the complaint's failure to allege conduct that was "sufficiently severe or pervasive to alter the conditions of" Plaintiff's employment or that any alleged harassment was because of Plaintiff's membership in a protected group. *See Barker*, 2023 WL 6933357, at *7. Defendant moves to dismiss this claim based on the same grounds. *See* Mot. 18-19. Plaintiff does not respond to Defendant's argument and thereby concedes it. Accordingly, Plaintiff's hostile work environment claim is dismissed with prejudice.

### 5. Retaliation Claim

To establish a prima facie case of retaliation, Plaintiff must allege that 1) she engaged in a protected activity, 2) her employer subjected her to an adverse employment action, and 3) there is a causal link between the protected activity and the adverse action. *Villiarimo v. Aloha Island Air, Inc.*, 781 F.3d 1054, 1064 (9th Cir. 2002)) (retaliation elements under Title VII); *see also Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007) (ADEA); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (Rehabilitation Act).

1  The court previously dismissed the retaliation claim for failure to allege "what protected
2  activities Plaintiff believes were the subject of retaliation by Defendant" and "a causal link
3  between any protected activity and the adverse action." *See Barker*, 2023 WL 6933357, at *7.
4  The FAC does not remedy these deficiencies and Plaintiff does not address this claim in her
5  opposition. Accordingly, the retaliation claim is dismissed with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss portions of the FAC is granted. The following claims are **dismissed with prejudice (i.e., without leave to amend)**:

- Title VII, Rehabilitation Act, and ADEA claims based on events that occurred before November 24, 2014;
- Title VII claim based on the failures to provide Plaintiff with an ergonomic chair and keyboard;
- Rehabilitation Act claims for disability discrimination (i.e., discrimination "because of" disability);
- Rehabilitation Act claim for failure to accommodate by refusing to provide an ergonomic keyboard;
- hostile work environment claim; and
- retaliation claim.

The following claims are dismissed with leave to amend:

- The failure-to-promote claim based on Plaintiff's November 2023 application for the position of Program Support Assistant is dismissed with a final opportunity to amend to allege the date Plaintiff made contact with an EEO counselor about that claim.
- The Title VII and ADEA claims based on the November 2023 denial of the promotion to the position of Program Support Assistant are dismissed with a final opportunity to amend to allege facts supporting her claim that she was denied that promotion on account of her race, color, national origin, sex, and/or age.

If Plaintiff elects to file a second amended complaint, **it must be filed by June 6, 2024.** A

13

second amended complaint may include amended Title VII and ADEA claims based solely on the alleged November 23, 2023 denial of promotion. It should also include the Rehabilitation Act claim for failure to accommodate based on denial of an ergonomic chair, because that claim was not challenged in this motion. The court encourages Plaintiff to refer to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: May 7, 2024

Donna M. Ryu
Chief Magistrate Judge