United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CAROLINE BARKER,

Plaintiff,

v.

LAUREN MCFERRAN,

Defendant.

Case No. 23-cv-00308-DMR

**ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Re: Dkt. No. 77

Self-represented Plaintiff Caroline Barker filed a second amended complaint ("SAC") against Lauren McFerran, Chairperson of the National Labor Relations Board ("NLRB"), alleging claims related to her employment with the NLRB. [Docket No. 68 (SAC).] Defendant now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to the SAC. [Docket No. 77.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff makes the following allegations in the complaint, which the court takes as true for purposes of this motion. Plaintiff is African-American and over the age of 40. SAC Ex. 2 at 1. She has worked at the NLRB for 24 years and currently is a Program Support Assistant with GS-5 Step 10 compensation level. SAC ¶ 3. Plaintiff has never received a promotion, step increase, or within grade increase. *Id*.

Plaintiff submitted a request for an ergonomic assessment on an unspecified date. *Id*. at ¶ 24. An NLRB Human Resources Specialist confirmed receipt of a request of the same in January 2009. SAC ¶ 20, Ex. 23 at 1. In June 2009, the NLRB's Human Resources division approved a request for an ergonomic chair and one was purchased for Plaintiff. SAC ¶ 20, Ex. 23 at 2. Plaintiff alleges that other employees received ergonomic chairs from 2009-2015, SAC ¶ 28, but

that she did not receive an ergonomic chair until 2015. SAC ¶¶ 21, 30, Ex. 23 at 3.

Plaintiff further alleges that she was denied a promotion in 2023. She applied for the position of GS-0303-06 Program Support Assistant position, which she alleges was "a promotional opportunity," in May 2023. SAC ¶ 2, Ex. 3. In November 2023, Plaintiff inquired about the status of her application and was told she "was rated ineligible and did not meet the minimum education and/or experience requirements." SAC ¶ 5, Ex. 5. Additionally, Plaintiff alleges that she is the only Program Support Assistant who is assigned "to operate on a full-time basis, as full-time Docket Clerk/Receptionist." SAC ¶ 7. She alleges that in 2018, she was not included on a rotation "for a Promotional Assignment to work on a Key Desk." *Id.* at ¶¶ 10-13, Ex. 8.

Plaintiff filed this lawsuit on January 20, 2023. The court granted in part and denied in part Defendant's motion to dismiss the complaint in October 2023. Specifically, the court denied Defendant's motion to dismiss Plaintiff's Rehabilitation Act reasonable accommodation claim based on the delay in providing Plaintiff with an ergonomic chair. *Barker v. McFerran*, No. 23-CV-00308-DMR, 2024 WL 2031640, at *6 (N.D. Cal. May 6, 2024). The court granted the motion to dismiss the other claims alleged in the complaint with leave to amend. *Id.* at *7.

Plaintiff timely filed the first amended complaint ("FAC"). Defendant moved to dismiss all claims other than Plaintiff's Rehabilitation Act reasonable accommodation claim based on the ergonomic chair, and the court granted Defendant's motion to dismiss in May 2024. *Barker v. McFerran*, No. 23-CV-00308-DMR, 2024 WL 2031640, at *7-8 (N.D. Cal. May 6, 2024) ("*Barker II*"). The court dismissed the following claims with prejudice: Title VII, Rehabilitation Act, and Age Discrimination in Employment Act ("ADEA") claims based on pre-November 24, 2014 events; Title VII claim based on failures to provide Plaintiff with an ergonomic chair and keyboard; Rehabilitation Act claims for disability discrimination; Rehabilitation Act claim for failure to accommodate by refusing to provide an ergonomic keyboard; hostile work environment; and retaliation. The court granted Plaintiff leave to amend to allege Title VII and ADEA claims based on Plaintiff's November 2023 application for the position of Program Support Assistant. *Id.*

Plaintiff timely filed the SAC, which alleges the following claims for relief: "failure to



United States District Court
Northern District of California

accommodate based on denial of an ergonomic chair and denial of promotion." SAC ¶ 1. The court liberally construes the claims as follows: 1) disability discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 791, based upon the denial of an ergonomic chair; 2) race, color, and national origin discrimination in violation of Title VII, 42 U.S.C. § 2000e, based on the November 2023 failure to promote; and 3) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, based on the November 2023 failure to promote. *See* SAC 1 & ¶ 1.

Defendant now moves to dismiss the Title VII and ADEA claims. Plaintiff opposes the motion. [Docket No. 78.]

## II. LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. The Ninth Circuit has held that

"where the petitioner is pro se," courts have an obligation, "particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's Title VII and ADEA claims based on failure to exhaust administrative remedies. Defendant also argues that the claims should be dismissed as insufficiently pleaded.

A federal employee must exhaust the administrative process required by statute before filing an employment discrimination claim in federal court. *Brown v. Gen. Servs. Admin*., 425 U.S. 820, 832 (1976); *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)); *Leorna v. United States Dep't of State*, 105 F.3d 548, 550 (9th Cir. 1997) (individuals claiming disability discrimination under the Rehabilitation Act must exhaust administrative remedies). "Under the Title VII statutory and regulatory scheme, a federal employee must notify an EEO counselor of discriminatory conduct within 45 days of the alleged conduct, and then, if the matter is not resolved, the employee may submit a formal administrative complaint." *Sommatino*, 255 F.3d at 708. Failure to initiate administrative action within the 45-day deadline may be "fatal" to an employee's discrimination claims in federal court, absent waiver, estoppel, or equitable tolling. *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002); *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003); *Leorna*, 105 F.3d at 551.

Title VII "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002). A plaintiff may not sue for discrete acts of discrimination "such as termination, failure to promote, denial of transfer, or refusal to hire" that occurred outside the limitations period solely because they are related to other discrete acts that occurred inside the limitations period. *Id.* at 113-14. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Because each discrete act starts a new clock for

filing charges alleging that act, the charge must be filed within the 180– or 300–day period after the act occurred." *Id.* at 102.

The court previously dismissed Plaintiff's Title VII discrimination claim based on her November 2023 application for the position of Program Support Assistant for failure to allege administrative exhaustion. *See Barker II*, 2024 WL 2031640, at *4. The SAC does not remedy this fundamental problem. Specifically, it does not allege that Plaintiff timely exhausted her claim of failure to promote in November 2023 by contacting an EEO counselor within 45 days of the discrete event. Plaintiff admits that she did not pursue an administrative remedy with respect to the November 2023 failure to promote, arguing that "[a]fter working for the Agency, for a period of twenty-four years, Plaintiff had no expectation that anything would be gained, changed, or different from past decisions, from Plaintiff filing an additional Charge." Opp'n 5.

Given that Plaintiff will not be able to allege that she timely contacted an EEO counselor regarding the failure to promote, the Title VII claim must be dismissed for failure to exhaust administrative remedies. As Plaintiff has already been given the opportunity to amend the complaint to allege administrative exhaustion as to claims based on the November 2023 failure to promote, the dismissal is with prejudice.[1]

The ADEA also requires administrative exhaustion. An employee must notify an EEO counselor within 45 days of the alleged discriminatory conduct in order to satisfy the exhaustion requirement. *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008). In the alternative, the individual must give the EEOC notice of the alleged discriminatory act within 180 days and give notice of her intent to sue at least thirty days before commencing suit in a federal court. *Id.* (citing 29 U.S.C. §§ 633a(c), (d)). As with the Title VII claim, Plaintiff does not allege that she exhausted her ADEA claim based on the November 2023 failure to promote by either means under

---

[1] Plaintiff submitted several documents with her opposition, including documents related to her October 2016 EEO complaint. Opp'n Ex. 1. The court has twice notified Plaintiff that it cannot consider documents attached to an opposition brief or arguments based on such documents. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). In any event, the documents submitted with her opposition do not demonstrate that Plaintiff administratively exhausted claims based the November 2023 failure to promote.

United States District Court
Northern District of California

the ADEA. Accordingly, the ADEA claim based on the failure to promote is dismissed. The dismissal is with prejudice, as Plaintiff has already been given the opportunity to amend the complaint to allege administrative exhaustion with respect to that claim.[2]

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Title VII and ADEA claims based on the November 2023 failure to promote is granted. Those claims are dismissed with prejudice.

The sole remaining claim is Plaintiff's Rehabilitation Act claim for failure to accommodate based on denial of an ergonomic chair. A case management conference is set for October 30, 2024 at 1:30 p.m. by Zoom video conference. A joint case management statement is due by October 23, 2024.

The court encourages Plaintiff to refer to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: September 19, 2024




Donna M. Ryu
Chief Magistrate Judge

[2] As the court concludes that the Title VII and ADEA claims are untimely and must be dismissed on that basis, it does not reach Defendant's arguments that the SAC fails to allege sufficient facts to state the discrimination claims.